UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LEON HANSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MARGARET MIMMS, et al.,<br><br>    Defendants. | 1:17-cv-00576-GSA-PC<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS<br>(ECF Nos. 3, 5.)<br><br>FOURTEEN-DAY DEADLINE TO RESPOND |

    Daryl Leon Hanson ("Plaintiff") is a Fresno County Jail inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 24, 2017. (ECF No. 1.)

    On April 26, 2017 and August 3, 2017, the court issued orders requiring Plaintiff to complete the court's form indicating whether he consents to or declines Magistrate Judge jurisdiction, and return the form to the court within thirty days. (ECF Nos. 3, 5.) The thirty-day time periods have now expired, and Plaintiff has not returned the court's consent/decline form.

    In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 24, 2017. Plaintiff's failure to respond to the court's orders may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not respond to court orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to submit the court's consent/decline form that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a pro se litigant proceeding in forma pauperis in this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

## **ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEARBY ORDERED to respond in writing to this order, within **fourteen (14) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the court's

orders issued on April 26, 2017, and August 3, 2017. **Failure to respond to this order may result in the dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: **September 21, 2017**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE